UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOURDES LIZBETH MENDIVIL GALAVIZ, *et al.*, | § § § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 3: 04-CV-0429-B |
| BRIDGESTONE CORPORATION et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Remand to State Court (doc. 86); Plaintiff's Motion for Expedited Ruling (doc. 95); Plaintiff's Unopposed Motion to Withdraw as Attorney (doc. 97) and Plaintiff's Motions to Stay (doc. 98, 99).[1] For the foregoing reasons, Plaintiff's Motion to Remand (doc. 86) is GRANTED. Plaintiff's other motions (docs. 95, 97, 98 and 99) are DENIED.

### I. BACKGROUND

The Court assumes familiarity with the background and lengthy procedural history of this action as set forth in parties' numerous briefs and by defense counsel at the status conference on February 8, 2008. The key factual issue, initially identified by Defendants and now the basis of Plaintiffs' motion to remand, is the citizenship and domicile of Plaintiffs Rosa Maria Mendivil Galaviz and Martha Letitia Mendivil Galaviz (hereinafter "Rosa" and "Martha").

Jurisdictional discovery has taken place. There is no dispute as to the following. Although the complaint alleges that Rosa and Martha are Mexican citizens, Rosa and Martha are, in fact,

---

[1] On August 28, 2008, Plaintiffs filed a motion to stay in conjunction with Plaintiffs' counsel's motion to withdraw (doc. 98). On September 10, 2008, Plaintiffs filed a second motion to stay proceedings pending resolution of an apparent filing of a Petition for Writ of Mandamus to the Fifth Circuit (doc. 99). The Fifth Circuit denied the petition for mandamus relief on September 11, 2008. (doc. 100).

natural born U.S. citizens. However, since her birth in Texas, Rosa has resided and was schooled exclusively in Mexico, and she has no intent of moving to the U.S. Martha has likewise lived in Mexico since her birth in Texas and has no intent of moving to the U.S.

## II. ANALYSIS

### A. Motion to Remand

The Court currently has diversity jurisdiction over this action. Federal district courts are courts of limited jurisdiction with the power to adjudicate rights as set forth in the Constitution and by statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is a presumption against subject matter jurisdiction, and thus, the burden of establishing subject matter jurisdiction rests with the party seeking to invoke it. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *Stain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984).

The issue before the Court is the "stateless citizen" for diversity jurisdiction purposes. Pursuant to 28 U.S.C. § 1332(a), a district court shall have original jurisdiction over, *inter alia*, "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." A "citizen" for diversity purposes is one who is "must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonso-Larrain*, 490 U.S. 826, 828 (emphasis in original); *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (interpreting "citizen of state" for diversity purposes). A person's domicile is determined by residence and the intent to remain at that residence. *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007) (citations omitted); *see generally Gutierrex v. Fox*, 141 F.3d 425, 427 ("a long-time domicile in a particular jurisdiction is presumed to continue"). In relevant part, an American national with a foreign domicile cannot sue or be sued federal court under diversity jurisdiction. *Coury*, 85 F.3d at 252 (finding plaintiff was domiciled in Texas because evidence showed he never formed intent to remain in France indefinitely); *see also De Wit v. KLM Royal Dutch Airlines, N.V.*, 570 F. Supp. 613,

616-17 (S.D.N.Y. 1983) ("it is well settled that an American citizen living abroad cannot invoke federal court jurisdiction under 28 U.S.C. § 1332(a) because he or she is no considered a citizen of any state as that section requires.").

The record evidence shows that Rosa and Martha, although U.S. citizens, are not domiciled in any state, and thus are neither citizens of a state or a citizen or subject of a foreign state for diversity purposes. *See Coury*, 85 F.3d at 249 (directing court to look to any record evidence). Unlike the plaintiff in *Coury*, the evidence shows that Rosa and Martha have unequivocally demonstrated that their domicile is in Mexico. The parties are in agreement that, as stateless U.S. citizens, this Court is without subject matter jurisdiction. The Court agrees.

The parties' respective proposed remedies, however, are starkly different. Plaintiffs seek remand. Defendants ask the Court to revisit the *forum non coneniens* issue already ruled upon by the MDL court or, prior to remand, compel Plaintiffs to amend their pleadings. Upon careful consideration of fairness and efficiency, the Court deems remand to be the appropriate course. Plaintiffs are U.S. citizens domiciled at all relevant times, including the filing of the state action and removal, in Mexico.[2] The Court therefore has no diversity jurisdiction over this action. *Stockman*, 138 F.3d at 151 ("it is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking"). Given the law of the case doctrine and principles of comity, the Court will not revisit the *forum non conveniens* issue. *See United States v. O'Keefe*, 128 F.3d 885, 891 (5th Cir. 1997) (discussing law of case doctrine and principles of comity); *see, e.g., Ill. Union Ins. Co. v. Tri Core Inc.*, 191 F. Supp. 2d 794, 800 (N.D. Tex. 2002) (refraining from revisiting transfer

---

[2] The record evidence indicates that Rosa and Martha were minors at the time of the car accident, and Martha was a minor at the time of the filing of the case. However, they are considered domiciled in the same place as their parents: Mexico. *See, e.g., De Wit*, 570 F. Supp. at 616-17 (recognizing Netherlands domicile of father extends to minor child for diversity purposes). Here, the deposition testimony shows that the parents of Rosa and Martha have been exclusive domiciliaries of Mexico. Accordingly, during their entire status as minors, Rosa and Martha were likewise domiciled in Mexico.

order pursuant to 28 U.S.C. § 1406).  Additionally, Defendants' request for amended pleadings as a prerequisite for remand is without authority.

**B.     Unopposed Motion to Withdraw as Counsel**

Local Rule 83.12 mandates that an attorney who files a motion to withdraw must specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney.  If there is no succeeding attorney, the client must sign the motion approving the withdrawal.  *Id.*  Although all requirements appear to have been met, there is no succeeding attorney of record.  Counsel in Mexico have agreed only to serve as Plaintiffs' main contact.   The Court is loathe to allow this action to be delayed any further or to permit Plaintiffs to temporarily proceed *pro se*.  Indeed, Plaintiffs request for a 180 day stay  so that they may retain other legal counsel is strong indication of further delay.  Moreover, Plaintiffs' counsel have ethical obligations to their clients.  The motion to withdraw is denied pending Plaintiffs' ability to locate succeeding attorneys to further prosecute the action.

**C.     Motions to Stay**

Given the Court's ruling on the Motion to Remand and Motion to Withdraw as Counsel, the Court denies the motions to stay as moot.

**D.     Motion for Expedited Ruling**

The Court denies the motion for expedited ruling as moot.

### III. CONCLUSION

For these reasons, the Court GRANTS Plaintiffs' Motion to Remand (doc. 86). This case is REMANDED to the 44th Judicial District Court of Dallas County, Texas. The Clerk shall mail a certified copy of this order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c). The Court DENIES Plaintiffs' motion for expedited ruling (doc. 95), motion to withdraw as counsel (doc. 97) and motions to stay proceedings (doc. 98, 99).

SO ORDERED.

September 15, 2008

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE